# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

YAIDIER KINDELAN LOPEZ,

    Petitioner

v.

JOHN MATTOS, et al.,[1]

    Respondents

Case No.: 2:26-cv-00319-APG-BNW

**Order (1) Granting Petition for Writ of Habeas Corpus and (2) Denying the Government's Motion to Dismiss**

[ECF Nos. 15, 20]

Petitioner Yaidier Kindelan Lopez is a citizen of Cuba who entered the United States in November 2022. ECF No. 15 at 3. Upon entry, he was detained by Border Patrol and served with a Notice to Appear. ECF No. 15-1 at 4. About a month later, he was released from detention and paroled into the country. *Id.* at 5. He applied for asylum in 2024. ECF No. 15 at 3. He was detained by Immigration and Customs Enforcement (ICE) in Las Vegas in October 2025, placed into removal proceedings, and has not received a bond hearing. *Id.* at 3, 7. An Immigration Judge (IJ) subsequently ruled that, once Kindelan Lopez's biometrics cleared, he would be granted asylum, or, alternatively, withholding of removal. ECF No. 15-1 at 7-8. The government appealed that decision. ECF No. 15 at 5. He remains detained at the Nevada Southern Detention Center. ECF No. 15 at 4.

Kindelan Lopez filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his release or a bond hearing where the government bears the burden to prove he must be detained by clear and convincing evidence. He raises two grounds for relief. First, he argues he cannot be subject to mandatory detention under 8 U.S.C § 1225(b)(2)(A) because 8 U.S.C.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem.

§ 1226(a) governs his detention, and section 1226(a) and its implementing regulation entitle detainees to a bond hearing. 8 C.F.R. § 236.1(d)(1).  Second, he argues his detention without a bond hearing violates his right to due process under the Fifth Amendment.

The government styled its response to the petition as a "Motion to Dismiss." ECF No. 20 at 1.  It argues that Kindelan Lopez must exhaust his administrative remedies before filing this petition.  It did not otherwise respond to his substantive arguments.

I deny the government's motion to dismiss because Kindelan Lopez need not exhaust futile remedies.  Because Kindelan Lopez is detained under § 1226, I grant his petition and order that he be provided with an individualized bond hearing.

## I.      DISCUSSION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for

remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

As an initial matter, I address the parties' assertions that Kindelan Lopez is a member of the class certified in *Jacobo Ramirez v. Noem*, --- F. Supp. 3d ----, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *24 (D. Nev. Feb. 5, 2026). He is not. He was paroled into the United States, and the class definition in *Jacobo Ramirez* requires, among other things, that the noncitizen "entered the United States without inspection or parole." *Id.* Therefore, I decline to transfer this case.

The government opposes the petition because it argues that Kindelan Lopez must exhaust his administrative remedies before filing a habeas petition, citing *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011). *Leonardo* held that a noncitizen in removal proceedings must appeal an IJ's adverse bond determination to the BIA before seeking habeas review, "unless exhaustion is excused." *Id.* at 1160. This is a prudential requirement, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Alvarado v. Mattos*, No. 2:26-cv-00416-APG-DJA, 2026 WL 963227, at *2 (D. Nev. Apr. 9, 2026). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. I "may waive the prudential exhaustion requirement" if the "pursuit of administrative remedies would be a futile gesture." *Hernandez*, 872 F.3d at 988 (9th Cir. 2017) (quotation omitted).

Kindelan Lopez requesting a bond redetermination hearing would be futile. The BIA adopted the interpretation that § 1225(b)(2)(A) mandates detention of noncitizens like Kindelan Lopez in *Matter of Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025). *Hurtado* "serve[s] as

precedent[] in all proceedings involving the same issue" before the BIA and IJs, and so the IJ would decide it lacks jurisdiction to release him. 8 C.F.R. § 1003.1(g)(2); *Pacham v. Archambeault,* No. 3:25-cv-03163-GPC-DEB, 2025 WL 3653984, at *3 n.2 (S.D. Cal. Dec. 17, 2025) (noting that *Hurtado* is a precedential decision of the BIA). The BIA would then issue the same ruling on appeal. The government argues Kindelan Lopez must still pursue his administrative remedies first because it has been allowing bond hearings for *Jacobo Ramirez* class members upon their request. ECF No. 23 at 1, 4. But Kindelan Lopez is not a *Jacobo Ramirez* class member, so this avenue for an individualized bond hearing is unavailable to him. "Where the [BIA's] position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." *Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019) (quotation omitted). Therefore, I waive the prudential exhaustion requirement and will consider Kindelan Lopez's petition.

On the merits of his petition, I have previously ruled that § 1226 governs the detention of noncitizens like Kindelan Lopez who were detained within the country and not in the border context. *Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *2-4 (D. Nev. Apr. 1, 2026). The government does not argue that Kindelan Lopez is lawfully detained under § 1225, only noting that it does "not concede any issues relating to mandatory detention under § 1225." ECF No. 23 at 1 n.1. Therefore, he is detained under § 1226 and is entitled to a bond hearing under § 1226(a).

Finally, I must determine the standard of review at this bond hearing. A noncitizen detained under § 1226(a) is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the IJ to order his

release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). Kindelan Lopez requests that the government bear the burden by clear and convincing evidence at his bond hearing. The government did not respond to this argument, continuing its repeated failure in these habeas cases to respond to many of the substantive arguments raised by noncitizens detained under its rejected interpretation of § 1225.

Nonetheless, the Ninth Circuit has relevant precedent on this issue, and ignoring it would likely constitute clear error on appeal. In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210. It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id*. at 1213. But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id*. For example, it left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id*. at 1211-12. Kindelan Lopez does not assert he faces similar issues. Therefore, his claim regarding the burden of proof fails, and he bears the burden by a preponderance of the evidence at his new bond hearing

## II.    CONCLUSION

I THEREFORE ORDER that petitioner Yaidier Kindelan Lopez's petition for writ of habeas corpus **(ECF No. 15) is GRANTED in part**.

I FURTHER ORDER that the respondents provide Kindelan Lopez with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and 8 C.F.R. § 236.1(d) by May 15, 2026.

I FURTHER ORDER that the respondents are ENJOINED from denying Kindelan Lopez the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) at this bond hearing.

I FURTHER ORDER that if an individualized bond hearing is not provided by May 15, 2026, Kindelan Lopez must be released from ICE custody until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 20) is DENIED**.

DATED this 8th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

6